# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

ALEX JAQUES,
    Plaintiff,

v.

E. RARDIN, WARDEN, FCI MILAN,
LT. JACKSON, SIS, FCI MILAN,
HARCHARICK, SIS, FCI MILAN,
CPT. BOSEMAN, FCI MILAN,
    Defendants.

Case: 2:25-cv-12385
Assigned To : McMillion, Brandy R.
Referral Judge: Grand, David R.
Assign. Date : 8/4/2025
Description: HC JAQUES v RARDIN ET AL (JP)

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO SECTION 2241**

NOW COMES, Pro Se, Plaintiff challenging the conditions of his confinement and is seeking relief from this Honorable Court for the reasons stated:

I. Parties to this action.

A) Plaintiff: Name - Alex Jaques
    Reg. No. - 32968-510
    Mailing - P.O. Box 1000, Milan, MI 48160
    Institution - Federal Correctional Institution Milan

B) Defendants: 1) Name - Eric Rardin
    Rank/Position - Warden
    Employment - Federal Bureau of Prisons, Milan
    Mailing - P.O. Box 1000, Milan, MI 48160

2) Name - Jackson
    Rank/Position - Lieutenant, Head of S.I.S.
    Employment - Federal Bureau of Prisons, Milan
    Mailing - P.O. Box 1000, Milan, MI 48160

3) Name - Harcharick
    Rank/Position - Lieutenant?, S.I.S.
    Employment - Federal Bureau of Prisons, Milan
    Mailing - P.O. Box 1000, Milan, MI 48160

1

4) Name - Boseman
Rank/Position - Captain
Employment - Federal Bureau of Prisons, Milan
Mailing - P.O. Box 1000, Milan, MI 48160
Capacity - Individual

II. Rights alleged to have been violated by Defendants.

A) Access to the Courts and administrative remedy program, secured by the First Amendment.

B) Right to be free from sanction or punishment without due process and that atleast must be based on a factual basis, secured by the 6th and 14th amendment.

III. Each defendants role in alleged violation of Plaintiffs rights.

1) Eric Rardin, a federal officer and acting Warden of FCI Milan, violated my 1st and 6th ammendment rights when he; failed to secure me adequate access to the administrative remedy process upon request multiple times; failed to act when other officers failed to secure me adequate access to the administrative remedy program upon request multiple times; failed to rescind sanctions upon being found NOT GUILTY by the Discipline Hearing Officer for the act Plaintiff was alleged to have committed, despite plaintiff bringing such fact to his attention multiple times; failed to act when other officers refused to rescind sanctions despite Plaintiffs numerous complaints; failed to release plaintiff to FCI Milans general population from the segregated housing unit (SHU) following DHO's finding of "Not Guilty"; and Arbitrarily justifying keeping Plaintiff in SHU for fabricated "safety reasons".

2) Lt. Jackson, a federal officer and acting head of Special Investigation Services at FCI Milan (SIS), violated Plaintiffs 6th amendment rights when he; Placed Plaintiff in the SHU and kept him there despite Plaintiff having been found NOT GUILTY by the Disciplinary Hearing Officer; Fabricated a safety issue to cause Plaintiff to be transferred despite Harcharicks Report and Recommendation finding it safe for Plaintiff to return to FCI Milan; and refusing to rescind the transfer order after Plaintiff complained directly to him about Harcharicks contradictory findings.

2

3) Harcharick, a federal officer and investigator for Special Investigation Services (S.I.S.) at FCI Milan, violated plaintiffs 6th amendment right to due process when he refused to rectify Plaintiffs situation despite numerous "Inmate Request to Staff" forms submitted to him by Plaintiff. Because of Harcharicks indifference, Plaintiff has spent months in the SHU pending an arbitrary transfer despite plaintiff being found NOT GUILTY by D.H.O. (Disciplinary Hearing Officer) and there being no legitimate safety concerns at Milan for Plaintiff. (Harcharick said Plaintiff was safe to return to FCI Milan on June 12, 2025 with Lt. Corsi present to witness).

4) Captain Boseman, a federal officer and captain of FCI Milan, violated Plaintiffs 1st and 6th amendment rights by initiating a coordinated effort to purge FCI Milan of alleged "trouble-makers" without affording them adequate due process, including Plaintiff. Captain Boseman has systematically placed encumbrances on inmates and plaintiffs trust fund accounts despite there being no investigatory purpose, nor DHO sanction, nor a guilty finding by DHO. Captain Boseman refuses to remove such arbitrary sanctions in violation to Plaintiffs due process rights. In Captain Bosemans quest to purge Milan, a culture has been fostered among staff in which staff purposefully avoid allowing inmates adequate access to administrative remedies and the Mail, to which Boseman has acted towards in a deliberately indifferent manner despite several complaints. Because of the inadequate access to administrative remedies and the mail system, plaintiff cannot access mail from the courts in violation of plaintiffs 1st amendment rights.

## IV. Administrative Remedies (PLRA)

A. Plaintiff exhausted every possible means to access the administrative remedy process but was denied or deferred at every attempt. This lawsuit, in part, arises from being denied access to the prisons administrative remedies.

B. Plaintiff is still attempting to access administrative remedies but it is futile unless the court or central or regional offices intervene. Plaintiff cannot access the address of the Regional BOP office.

3

# V. Statement of Facts.

The events underlying the cause for this complaint arose after Plaintiff was placed in the Segregated Housing Unit (S.H.U.) after Plaintiff was attacked by an inmate on June 3rd, 2025. The attacker was released from prison 2 weeks later.

That same evening of June 3rd, 2025, Plaintiff spoke to Captain Boseman and C.O. Ramiro on the 1-West Range of the S.H.U. Both Captain Boseman and C.O. Ramiro told Plaintiff it was already decided that Plaintiff would not be released to FCI Milans General Population and would remain in the S.H.U. until transferred, despite there still being an unresolved SIS investigation, threat assessment, and disciplinary action. Boseman denied BP-1

On June 12, 2025, Plaintiffs attacker was interviewed by SIS Officer Harcharick. The attacker was returned to his cell next to Plaintiffs cell and Plaintiff was interviewed.

Harcharick told Plaintiff he had spoken to the attacker who said Plaintiff and attacker were good as they'd spoken to each other and resolved the issue. Harcharick went on to say that he sees no reason to transfer Plaintiff as there didn't exist a threat to Plaintiffs safety and that Plaintiff would be released from the SHU after the conclusion of the disciplinary action taken against Plaintiff. This transaction was witnessed and confirmed by Lt. Cursi.

Plaintiffs disciplinary action (Incident Report #4127690) was expunged by the disciplinary hearing officer, E. Keller, as she concluded that no prohibited act was committed by Plaintiff and imposed no sanctions as a result.

That Wednesday, Plaintiff spoke to Lt. Jackson on the Wednesday Walkthrough of administrative staff through the S.H.U. about why Plaintiff is still in the SHU. Lt. Jackson explained that the SIS investigator found it a danger to Plaintiffs safety to release him to FCI Milans General Population since Plaintiffs attacker is a gang-member. Plaintiff explained his transactions with Harcharick and his attacker and explained he was told he could be released.

Lt. Jackson told him to talk to Harcharick and left. Plaintiff asked the administrative staff for the administrative remedy forms. Plaintiff was once again denied access to these forms. The first request being vetoed by Cpt. Boseman on June 3, 2025.

Plaintiff sent out multiple Inmate Request to Staff forms in the weeks following to Harcharick and Lt. Jackson. None have resulted in any action.

The next wednesday walkthrough, Plaintiff never saw Lt. Jackson nor Harcharick, so he instead asked for the administrative remedy forms and was denied

4

Plaintiff continued to submit Inmate Request to Staff forms to the Warden, Harcharick, and Lt. Jackson.

On June 30, 2025, Plaintiff spoke to Lt. Cursi about what Harcharick said during plaintiff's June 12 SIS investigation. Lt. Cursi confirmed that Plaintiff was told he could return to FCI Milan and that there didn't exist any safety issues.

On July 1, 2025, Plaintiff submitted another Inmate Request to Staff form to Lt. Jackson asking him to speak to Harcharick and have the transfer rescinded (Attachment B).

On July 2, 2025, Plaintiff spoke to Rardin, Warden, about obtaining access to the administrative remedy process. Warden told me to instead speak to Burnette. Plaintiff spoke to Burnette and was told to speak to Kirk. Plaintiff spoke to Kirk and was told to speak to Goke. Plaintiff spoke to Goke and was told he'd get the forms on July 4th. Goke never returned.

On July 9, 2025, Plaintiff spoke to Lt. Boseman about the encumberance placed on his account. Plaintiff explained he was found not guilty by the Disciplinary Hearing Officer (DHO) and that the DHO did not place sanctions on Plaintiff as a result. Boseman said that doesn't mean Plaintiff didn't "do" the alleged act. Plaintiff explained he is contradicting the orders of the DHO, to which Boseman said he didn't care. Boseman then interrogated Plaintiff as to why plaintiff had Boseman's name written down.

On July 11, 2025, Plaintiff submitted one inmate request to staff to Boseman asking to be removed from encumberance status via C.O. Sanchez and one Inmate Request to Staff to Goke requesting an administrative remedy form and for administration to quit deducting funds from Plaintiff's account.

On July 14, 2025, Plaintiff learned he was still on encumberance and that FCI Milan deducted funds from Plaintiff's account.

Plaintiff files this complaint in response to these retaliatory actions.

## VI. In Forma Pauperis Status.

A. Plaintiff seeks to file this writ in forma pauperis as he is indigent. Plaintiff cannot obtain help in obtaining the necessary documentation as staff has stonewalled plaintiff. Receipts of Plaintiffs

5

account balance have been enclosed.

## VII. Prayer for relief/Conclusion.

A) Plaintiff prays that this Honorable Court grant him relief by granting an injunction and/or order to compel FCI Milans administrative staff to allow plaintiff access to the administrative remedy process; an order to remove the encumberance from Plaintiffs account, an order to make staff stop retaliating against Plaintiff for attempting to exercise his rights, and whatever additional relief this Court deems appropriate, along with an order allowing Plaintiff to be released from the SHU.

B) Plaintiff affirms that all the facts stated in this writ are True and Correct and that Plaintiff submits this writ in good faith on this 14th day of July, 2025.

Respectfully Submitted,
Alex Jaques, Pro Se
*Alex Jaques* 7/14/25
32968-510

FCI Milan; PO Box 1000,
Milan, MI 48160

6

ATTACHMENT A (1/3)          expunged          118L



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 4127690 |
|---|---|---|
| | | Reg#: 32968-510 |
| Dept. of Justice / Federal Bureau of Prisons | | JAQUES, ALEX |

| Institution: **MILAN FCI** | Incident Report Number: **4127690** | | |
|---|---|---|---|
| NAME OF INMATE: **JAQUES, ALEX** | REG.NO.: **32968-510** | UNIT: | **1 GP** |
| Date of Incident Report: **06-04-2025** | Offense Code(s): **201** | | |
| Date of Incident: **06-03-2025** | | | |

Summary of Charges:
   **201 -- FIGHTING WITH ANOTHER PERSON.**

I.  NOTICE OF CHARGE(S)

   A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on **06-04-2025** at **1600 hrs** (by staff member) **JJAUREGUI**

   B.  The DHO Hearing was held on **06-20-2025** at **0912 hrs**

   C.  The inmate was advised of the rights before the DHO by (staff member): **T. Moore** on **06-17-2025** and a copy of the advisement of rights form is attached.

   D.  Delay in Process  **Rewrite**

II. STAFF REPRESENTATIVE

   A.  Inmate waived right to staff representative: [Yes] **X**  [No] ___

   B.  Inmate requested staff representative and **NA** appeared.

   C.  Staff Representative's Statement:
       **NA**

   D.  Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
       **NA**

   E.  Staff representative **NA** was appointed.

III. PRESENTATION OF EVIDENCE

   A.  Inmate (  ) admits    ( **X** ) denies the charge(s).

   B.  Summary of Inmate Statement:
       **I deny.  My defense is based off of two prongs.  I never assaulted Mr. Rivera.**

ATTACHMENT A (2/3)



| BP-A0304 | DISCIPLINE HEARING OFFICER REPORT | IR#: 4127690 |
|---|---|---|
| Dept. of Justice / Federal Bureau of Prisons | | Reg#: 32968-510<br>JAQUES, ALEX |

C. Witnesses

1. The inmate waived right to witnesses.  [Yes] **X**    [No] __

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
   **NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
   **NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
   **NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
   **Incident Report -- (BP-A288)**
   **Incident Report - Photographs -- (BOP-IRPHO)**
   **Incident Report - Staff Memorandums -- (BOP-IRMEM)**
   **Incident Report - Photographs -- (BOP-IRPHO)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
   **NA**

IV. FINDINGS OF THE DHO
   _ A. The act was committed as charged.    **X** C. No prohibited act was committed:
   _ B. The following act was commmitted: _____    Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**The DHO advised you of your rights before the Discipline Hearing Officer and you stated you understood those rights. You confirmed you did not request a staff representative. You requested no witnesses and presented no documentary evidence on your behalf.**

**The DHO basis this finding on the reporting officers statements in Section 11 of the incident report which states, "On Tuesday, June 3rd, 2025, at approximately 3:32 PM, Education Department contractors observed an inmate-on-inmate physical altercation. Specifically, contract staff observed inmate JACQUES, ALEX, (32968-510) assault inmate RIVERA, CHRISTOPHER, (12917-078) near the inmate restroom. As inmate JACQUES attempted to depart the Education Complex, inmate RIVERA shoved inmate JACQUES from behind. Inmate JACQUES and inmate RIVERA continued the physical altercation outside of the Education Complex, until ordered to cease their actions. Both inmates complied, were medically assessed, photographed, and placed in the Special Housing Unit. This incident**



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | IR#: 4127690 |
|---|---|---|
| | | Reg#: 32968-510 |
| Dept. of Justice / Federal Bureau of Prisons | | JAQUES, ALEX |

report is a rewrite. This is a Re-Write".

**The DHO considered the reporting officer statements, and the evidence provided. The DHO determined the incident report was procedurally unsound. Therefore, the DHO expunged the incident report.**

VI. SANCTION OR ACTION TAKEN

**No sanctions taken. The incident report was expunged.**

When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing Officer considered the time served as a primary means when calculating your sanction of (DS). This may not always be a viable option, due to concerns related to the safety of staff, safety of inmates or safety and security of the institution.

VII. REASON FOR SANCTION OR ACTION TAKEN

**No sanctions taken. The incident report was expunged.**

VIII. APPEAL RIGHTS: **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| E. KELLER | E. KELLER | 06-26-2025 |

DHO Report Delivered to Inmate by:

| J. Shell | J. Shell | 6.27.25 @ 0930 |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

> The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270          Replaces BP-304(52) of Jan 88

ATTACHMENT B

BP-A0148
JUNE 10

Inmate Request to Staff COFRM

U.S. Department of Justice                                      Federal Bureau of Prisons

| To: Lt. Jackson, Head of SIS | DATE: 7/01/2025 |
| From: Alex Jaques | REGISTER NO.: 32968-510 |
| WORK ASSIGNMENT: N/A | UNIT: SHU 1 East #118 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.) Hello, I have submitted numerous Inmate Request to Staff forms AND I've asked several C.O.'s, Ms. Wolf included, to speak to Harcharick so I can talk to him like you suggested. I've yet to get a reply from Harcharick. Lt. Corsi and I spoke on 6/30/25 and Lt. Corsi was able to confirm he was present for the 6/12/25 threat assessment conducted by Harcharick and confirmed Harcharick did in fact conclude it was safe for me to return to Milan.
I would like to informally resolve this. May you please speak to Harcharick and have the transfer rescinded?
Thank You.

(Do not write below this line)

Disposition:

Signature staff member _____ | Date _____

Record Copy - File; Copy - Inmate
PDF
                           Prescribed by P5511
                                     This form replaces BP-148.070 dated Oct 86 and BP-
                                     S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          SECTION 6

---

Under penalty of perjury, I affirm by signature that this is a TRUE and CORRECT copy of the Inmate Request to staff form submitted on July 1, 2025

X _Alex Jaques_ 7-01-2025              X _____ 6.30.25
Alex Jaques Reg No. 32968-510          Gwinnick Neeley 76003-061
FCI Milan                              F.C.I. Milan
P.O. Box 1000                          P.O. Box 1000
Milan, MI 48160                        Milan, MI 48160

```
Sales Invoice        B.U.---       25
Milan FCI                          25
MAIN                              ___
Account No. 32968510    TF48529   75
JAQUES, ALEX                       68
07/14/2025 10:15:18 AM TX#6971072 ___
----------------------------------------
BEGINNING BALANCES:
Available Balance is  $60.00
Spending Limit Balance is $10.00
Account Balance is $60.00
========================================
Qty   Description                  Price
========================================

                                25
                    Total       m5    $0.00

Charge 32968510      $0.00
----------------------------------------
Items marked with * are Local Use Only

ENDING BALANCES:
Available Balance is $60.00
Spending Limit Balance is $10.00
Account Balance is $60.00
----------------------------------------


Signature-------------------------------

*ALL SALES FINAL-RETAIN COPY OF RECEIPT*
```

Alex Jaques
32968-510
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
AUG 04 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

Office of the Clerk
Theodore Levin United States Courthouse
231 West Lafayette Boulevard, 5th Floor
Detroit, MI 48226

UNABLE TO FORWARD/FOR REVIEW
BC: 4822627 0099 DU *2953-04751-15-44
FWD: 48226>2700
48226-277758
482 AA 1 N C0007/24/25
**C052**