UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX JAQUES,

    Petitioner,                              Case No. 2:25-CV-12385

v.                                             HON. BRANDY R. MCMILLION

ERIC RARDIN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Alex Jaques ("Jaques") an inmate at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Jaques challenges several conditions of confinement at FCI-Milan. For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

### I.

Jaques is serving a seventy-two-month prison sentence after pleading guilty to unlawful possession of a machine gun. *See United States v. Jaques*, No. 24-3390, 2025 WL 561784, *1 (6th Cir. Feb. 20, 2025). Jaques' conviction arises out of a threat he made on his YouTube channel to threaten to engage in a school shooting. *Id.*

In his petition, Jaques acknowledges that he is challenging not his conviction or sentence but the conditions of his confinement. *See* ECF No. 1, PageID.1. He alleges that prison officials have denied him access to the courts, have interfered with his legal mail, have denied him grievance forms, have kept him in administrative segregation and refused to release him back to the general prison population even after he was found not guilty of a prison misconduct, and have placed encumbrances on his prison trust account to impede his ability to file habeas petitions and/or civil rights cases. *See id*. at PageID.2-5.

## II.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The petition must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Those claims, which challenge the conditions of confinement, should be brought as a civil rights complaint. *Id.*

Federal courts are authorized to summarily dismiss any habeas petition that appears legally insufficient, if from the face of the petition or the exhibits attached,

2

it plainly appears that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. And Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted).

### III.

Jaques' habeas petition is subject to dismissal because 28 U.S.C. § 2241 is reserved for habeas claims challenging the execution of a sentence and not the validity of a conviction or the conditions of confinement. *See Velasco v. Lamanna,* 16 F. App'x 311, 314 (6th Cir. 2001). Jaques' claims that he is being denied access to the courts is a challenge to the conditions of confinement and cannot be brought as a habeas action. *See Allen v. Lamanna,* 13 F. App'x 308, 311 (6th Cir. 2001). Similarly, his claims that prison officials have interfered or are interfering with his mail is also a civil rights claim that is not cognizable on habeas review. *Lutz v. Hemingway*, 476 F. Supp. 2d at 718 (citing *Thomas v. Keohane*, 876 F.2d 895, 1989 WL 63334, *2 (6th Cir. 1989)). And Jaques' claim that prison officials are denying him grievance forms is likewise a challenge to the conditions of confinement that cannot be maintained in a habeas action. *Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 57 (3d Cir. 2014).

3

Additionally, Jaques' challenge to his security classification and his continued placement in segregation is also a challenge to a condition of confinement that is non-cognizable in habeas review. The Sixth Circuit has held that a federal prisoner's challenge to his custody classification is not a cognizable claim under 28 U.S.C. § 2241. *See Bazuaye v. Bogan*, 19 F.3d 18, 1994 WL 75895, *2 (6th Cir. Mar. 8, 1994) (prisoner's claim that he was denied a minimum-security classification was not a cognizable claim under 28 U.S.C. § 2241) (citing *Olim* and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992)). Other courts have reached the same conclusion. *See McCall v. Ebbert*, 384 F. App'x 55, 575-58 (3d Cir. 2010) (federal prisoner's challenge to security classification was non-cognizable in § 2241 habeas petition); *Stanko v. Quay,* 356 F. App'x 208, 210 (10th Cir. 2009) (Federal prisoner's claims arguing he was entitled to a lesser security classification should have been filed under *Bivens*, rather than as a petition for habeas corpus); *see also Frazier v. Hesson*, 40 F. Supp. 2d 957, 964-65 (W.D. Tenn. 1999).

Finally, Jaques' claim that his prison trust account is being encumbered is also a challenge to a condition of his confinement that cannot be maintained in a habeas action. *See Hairston v. Gronolsky*, 347 F. App'x 737, 738-39 (3d Cir. 2009) (petitioner's claim challenging the withdrawal of funds from his inmate account to pay for filing fees non-cognizable on habeas review). Because all Jacques' claims are non-cognizable as habeas claims, they must be dismissed.

However, despite dismissal of his claims, Jaques is not left without recourse. A plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). And plaintiffs are also entitled to challenge violations of their constitutional rights pursuant to a 42 U.S.C. § 1983 civil rights action. But because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant to § 1983 or *Bivens*. *See e.g. Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action); *Mescall v. Hemingway*, No. 20-12687, 2021 WL 607094, at *2 (E.D. Mich. Jan. 7, 2021) (declining to convert federal inmate's § 2241 petition to *Bivens* action).

The Court will therefore dismiss the petition without prejudice to Jaques filing an appropriate civil rights action.

## IV.

Accordingly, the Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **SUMMARILY DISMISSED**. The dismissal is **WITHOUT PREJUDICE** to Jaques filing a civil rights action.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Jaques need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will **GRANT** Jaques leave to appeal *in forma pauperis* because any appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

*This is a final order that closes the case.*

**IT IS SO ORDERED**.

Dated: August 13, 2025  s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
UNITED STATES DISTRICT JUDGE